Okay, we'll now hear argument in Appeal Number 20-2170, Wyndham v. McDonough. Mr. Maron, please go ahead. Thank you, Your Honor. Your Honors, the Veterans Court found that the Board's failure to address a report of symptoms that contradicted the 2010 VA examiner's opinion was harmless error because the record did not contain competent evidence of a nexus to military service. However, this harmless error determination rested upon the wrong legal standard. Because once the Board was on notice that the 2010 examination may have been inadequate, VA had a statutory obligation to provide a new and adequate examination. Mr. Maron, can I stop you there? I mean, it seems to me you've raised a good point that they should have given Mr. Wyndham a new examination, but I'm a little unclear about how you raise that to the Veterans Court. You know, I have your briefs or at least portions of your briefs to the Veterans Court, and it doesn't seem like you raised an argument that suggested the VA failed in its duty to assist by providing a medical examination. You argued a reasons and basis appeal instead. Can you point to me anywhere in your briefs to the Veterans Court where you specifically told them that you thought that they did not have a sufficient medical examination and it violated the duty to assist? Yes, Your Honor. From our principal brief, that would have been at appendix pages 82 and 83. These were also quoted, if the Court prefers to refer there, at page 4 of our reply brief before this Court. On these pages of the principal brief, we pointed out that the Board failed to adequately explain its reliance on the examiner's opinion despite evidence that the examiner's explanation for fatigue, that it was due to day shift work, was contradicted by the veteran's subsequent report of symptoms. We reiterated that on the next page of that argument, and in our reply brief before the Veterans Court again pointed out that the Board... Mr. Marin, I think Judge Clevenger has a question. Yes, I just knew it would be helpful if you could cite the page in the appendix which you're referring to, which is in that language. Yes, I'm sorry, Your Honor. The pertinent pages of the principal brief are appendix pages 80 where we pointed out that the Board failed to adequately explain its reliance on the examiner's opinion despite the veteran's subsequent statement that fatigue persisted after he stopped working on the night shift. Later in the principal brief, this is at appendix pages 82 and 83, we pointed out that the Board provided no reasons or basis for finding the examiner's opinion was adequate despite the question as to the adequacy of that opinion raised on the record. Continuing on to the reply brief... Mr. Marin, specifically which sentences on page 82 are you quoting from? I can't find them. Of course, I'm sorry. Let me, with the Court's brief indulgence... I mean, Mr. Marin, your problem is you're talking about the VA examiner's opinion. None of this addresses the adequacy of the medical opinion and that because of this new factual evidence, they should have ordered a new medical opinion. I don't see anywhere in this as calling specifically that the veteran's court should have ordered a remand for the VA to supply a new medical opinion. You're attacking the reasons and basis for the examiner's opinion. Your Honor, under the veteran's court's precedence, particularly Barveen Nicholson, if the examination is inadequate, I beg your pardon, once VA has determined that a medical opinion is necessary, if that opinion is inadequate, that does trigger VA's obligation to obtain that new examination. In other words, Your Honor... Sure, absolutely. Mr. Marin, absolutely. You are right, but where did you argue to the veteran's court that the VA's decision was error because that duty was triggered and they failed to give the new medical examination? It's not in your brief to the veteran's court. I don't understand how you can expect the veteran's court to remand for a new medical examination when you didn't ask for them to do that. To be clear, we asked them to remand for the board to address the veteran's 2012 statement, which called the adequacy of that examination into question. And on remand, the board may well have hypothetically articulated a statement of reasons or basis for determining that a new examination was not necessary. But you're still asking the veteran's court to infer that you're attacking the sufficiency of the medical examination without actually making an assignment of their own appeal. Is there something that would have prevented you from putting in your brief a section that said the VA violated its duty to assist because a new medical examination was warranted here? I mean, if you were to put that in, you would probably have gotten an agreed upon remand from the secretary. I just fail to understand how you're asking the board to conjure up an argument that you're now making to us for essentially the first time on appeal. Your Honor, but insofar as the briefs before the veteran's court expressly stated that the veteran's 2012 statement raised the inadequacy of the examiner's opinion. And they also argued in front of the veteran's court that the board had failed to address that statement, which the veteran's court agreed had happened. That was clearly stating, a clear articulation that the board had failed to address evidence that the medical opinion of record was inadequate. As we expressly stated in our principal brief at appendix pages 82 through 83, the board provided no reasons or basis for finding that the June 2010 examiner's opinion was adequate, despite the question as to the adequacy of that opinion raised on the record. And the critical point here, Your Honor, is that the proof this was raised before the court is that the dissent expressly discussed this point. Mr. Merritt, I don't understand that argument at all. Just because the dissenting judge knows this well enough to raise an argument that you should have raised doesn't mean you raised it. You still haven't cited, and I don't think there is anything, you haven't cited a sentence in this brief that says the VA failed in its duty to assist by ordering a new medical examination. By the way, have you done anything else back at the RO or the board to try to reopen this and get a new medical opinion? Because clearly you're not barred from doing that. Your Honor, with regard to filing a new claim, a claim for reopening, which would be required to do that, the prejudice there is that it would not preserve the effective date of benefit. I understand that it wouldn't preserve the effective date, but assuming you're going to lose here, have you done anything to at least attempt to reopen this claim now and raise the proper arguments? Your Honor, I don't believe offhand that we have filed a claim to reopen. However, Your Honor, I see my time has nearly elapsed. I beg your pardon. I would also note that the veteran has other appeals still pending in front of VA, which we are continuing to pursue for other claims. Your Honor, with regard to Judge Peach's dissent, the salient point is she did not merely observe this issue about the duty to assist, but that the veteran's briefs had in fact raised this point, as they did by invoking the adequacy of that, noting that the veteran's statement had invoked the adequacy of that 2010 examination. Your Honors, I see I have entered into the rebuttal time. If the Court has any further questions presently, I'm happy to answer them. If not, may I leave it there for the moment? Yes, sure thing. Let's hear from the government now. Mr. Cho? Your Honor, may I please report? On the issue of the waiver that was just discussed extensively, we have only a couple of things to say. First of all, I think the question should be, did Mr. Winham raise an argument that a new examination is required? I understand that we don't necessarily have to put specific legal labels on our arguments all the time, but really, essentially, the long and short of it is that Mr. Winham is asking before this Court that the new examination should have been ordered. But in the brief submitted to the lower court, we do not see an argument that a new examination was required due to the duty to assist. We do have some – well, just all these statements that were cited kind of fall short of that. And also, Your Honors, I'd like to point out that the veteran himself said – if you take into account the veteran's statement on page 39 of the appendix, he says, First, I don't know how it would be medically possible to distinguish where exactly my fatigue was coming from, given the constraints of the C&P examination. Now, on top of just the legal issue, we have the veteran himself saying – well, let me just back up and just start there from the beginning. During the examination, the veteran himself attributes his condition to his job, and he says my fatigue began two to four years before this examination, and that's on page 36 to 37 of the appendix. Mr. Cho, this is Judge Hughes. Just let me stop you here. I understand you have a lot of jurisdictional and procedural objections to this case. Right. And you may very well prevail because of those. But let's just go back to the board. And the original medical opinion, assuming it relied largely on the fact that he worked the night shift for the finding, that that was the cause of his alleged disability, not service connection. Once the factual predicate for that was no longer valid, why wasn't a new medical exam required? Your Honor, we absolutely accept the principle stated in the second juror's opinion that there will be situations where new facts arise. And in some situations, the new facts can warrant a new examination simply because, at the end of the day, we were required to give the veteran an opportunity to litigate his claim, and also we have provided adequate medical opinion. But, however, there's one step before we order a new examination. There's one step of assessing the veteran's credibility, and that is what the VA is entitled to do and also the VA has a responsibility to do. And that is a lesson from this court's decision from Waters. Once we have, as this court has said in Waters in 2010, the VA is entitled to give whatever the weight it is going to give to the veteran's conclusion-related statement. Now, we have a somewhat unusual statement from the veteran. Let me make it simple, though, Mr. Cho, and ask it as a hypothetical. Let's assume that the prior medical opinion in this case found the veteran's statement about his sleep disturbance credible and found his allegations about his service credible, but the sole basis it found to not award service connection was that it was more likely it was connected to his night work rather than service. Nothing else. There's no other reason that the medical examination found that he wasn't entitled to service connection. Once that actual predicate goes away, doesn't that medical examination become insufficient to adjudicate this case? Your Honor, in your hypothetical, that is correct. If the only fact that was relied upon for a medical examination and that fact changes, then it would be appropriate, assuming nothing else, it would be appropriate to provide a second medical examination. However, as Your Honor may already know, there are other statements as well, such as the veteran stating that his fatigue began… …to deny service connection alone. Yes, Your Honor, but I think I want to be very careful here on exactly what the medical opinion relied upon, because it seems to me, well, it seems to us, Your Honor, at least from the dissenting opinion, it was not… We have been accused of just relying on a very simple couple of facts, but I think the medical opinion at issue here is more nuanced than that. The medical opinion takes into account the fact that the fatigue began three to four years before the examination, and he himself disavows that he has chronic fatigue. And he himself says, you know, I think it's because of my bus driver job. Now, in that situation, couple that with his new statement saying that, you know, I don't think it could be disproven. Well, he doesn't say exactly in those terms, but he says along the lines of, I don't think that my claim could be disproven by a medical examination. In that scenario, these facts, it does not appear that the veteran himself is interested in getting a medical examination or any medical examination is necessary. In this scenario, in this very somewhat of an unusual fact, we suspect that the VA was not required to arrange a medical examination when it was not asked for. So, we have spoken in length about how the—Wynnham's—Wynnham, with counsel, did not raise a medical—well, new medical examination argument. But what we're trying to clarify here is that even before he got counsel, Mr. Wynnham's own statement does not appear to be—it is really not a fair statement that this—he is showing interest in retracting his—in correcting an earlier statement, but it appears more of recanting a prior statement in addition to his position that, you know, medical examination cannot be used to— What case can you cite that tells us that what you've just been talking about is of any relevance whatsoever? The— The state of mind of the veteran, what—cite me a case where we—why we should pay any attention to that in the way you're arguing it. Yes, Your Honor, the—to be clear, I do not mean to suggest that Mr. Wynnham is a liar or— That's not my question. Yes, Your Honor, the answer to your question, Your Honor, is a water. Yes, I've been listening to you carefully for the last seven or eight minutes, and I haven't heard you say anything of any significance other than that there is a waiver here of the duty to assist. What else do you have to add to tell us why we should affirm, other than the fact that the duty to assist, the requirement under 5103A to provide an exam, that that argument wasn't preserved? Yes, Your Honor, the—this court has explained in waters that the—even though there is a duty to assist, the VA is entitled to weigh the credibility and decide whether—how much weight the VA is going to give to the veteran's statement. Yes, and that's—as in waters, that suggests a process during which the agency has considered those issues, and that hasn't happened in this case. Your Honor, respectfully, I submit that the board did, in fact, weigh Mr. Wynnham's credibility on page 71. He—the board does give less than—well, the board notes that he has—is contradicting his prior statement. How do you weigh when you give—when you say someone is not competent to testify? That isn't weighing. That's excluding. Yes, Your Honor, I recognize that the language—the language which this court has found problematic in Colantino, but I respectfully submit that this board's rationale contains more than just that language. It is more of an alternative— You like to talk in generalities. Tell me some language. Cite me a page in the record and give me a line or give me a quotation to support what you're saying, please. Yes, Your Honor, on page 71 of the appendix. Thank you. The veteran service treatment records do not reflect complaint treatment or diagnosis of fatigue in service. And the—and later in the paragraph, it says the—moreover, the veteran has not reported having chronic fatigue symptoms since service. And as noted in the June 10th VA examination addendum, he reported that the fatigue occurred within the past three to four years and attributed this to his occupation, in his own words. And there's a statement that ends the paragraph saying that these statements directly contradict his claim that his fatigue is related to service. So this is not—Your Honor, respectfully, this is not a case in which the VA has rejected the veteran's statement wholesale, just labeling—giving a label that, you know, because you're a layperson, you cannot provide any sort of evidence on the subject. The board does use that—the language that has been challenged, but in addition to that, there is some weighing of evidence and credibility assessment in this paragraph, Your Honor. Your Honor, I'm mindful of your time, and unless the panel has any more questions, we would request that we rest on our brief, and I respectfully request that the court dismiss this case for the conservative or alternatively affirm the lower court's opinion. Okay. Thank you, Mr. Cho. Let's hear some rebuttal from Mr. Marin. I believe you have some rebuttal time still remaining. Go ahead. Thank you, Your Honor. First, just to very briefly emphasize, the board has to provide—is required under—by statute to provide an adequate statement of reasons or basis for all portions of its determination, including whether VA has satisfied its duty to assist. Here, the board decision on appeal not only didn't address the veteran's September 2012 statement or include any of the analysis discussed in Waters, it didn't even address the duty to assist at all. We would also emphasize that per Emmenacher, that because the board is required to provide an adequate statement of reasons or basis regarding the duty to assist, and we emphasized that the board hadn't addressed evidence, the duty to assist hadn't been satisfied, the court was on—the veterans court was on notice of the substance of this matter, and that's, in our view, suffice to place that duty to assist question before it. With regard to the—I beg the court's indulgence, one moment, sorry. Beyond that point, Your Honor, we would emphasize that the court has it right, that when the factual predicate of the examination is called into question, that does, in fact, trigger VA's duty to provide a new examination precisely because those different facts call the adequacy of that exam into question. Okay. Unless there are any further questions from the court, we would urge the court to order remand for the veterans court to fully assess the questions raised before it, and in particular, assess whether the board's failure to address the 2012 statement rendered its implicit determination regarding the statement of reason—the duty to assist—inadequately reasoned. If there are no further questions from the court, I would thank you very much for your time, and thank you very much. Okay. Thank you, Mr. Maron. The court thanks both counsel. The case is submitted.